Case 4:25-cr-00051   Document 22   Filed on 02/25/25 in TXSD   Page 1 of 3

United States Courts
Southern District of Texas
**FILED**

*February 25, 2025*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Criminal No. **4:25-cr-0051** |
| DAVID LAM, | § § § | |
| Defendant. | § | |

## CRIMINAL INFORMATION

The United States Attorney charges:

## GENERAL ALLEGATIONS

Defendant David Lam was employed as an operations supervisor and claims specialist for the Social Security Administration ("SSA") in Houston, Texas. As part of his official duties, Defendant was able to access databases containing personally identifiable information ("PII") including Social Security numbers, work histories, benefits payments, and other data.

## COUNT 1
## CONSPIRACY TO DEFRAUD THE UNITED STATES
## (18 U.S.C. § 371)

From in or about May 2017 and continuing until at least in or about February 2025, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendant

## DAVID LAM

did knowingly combine, conspire, confederate, and agree with others known and unknown, to include Unindicted Co-Conspirator A, to defraud the United States, including by committing the

following offense against the United States:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof [. . . .]
>
> [. . . .]
>
> Shall be fined under this title or imprisoned not more than ten years, or both [. . . .]

18 U.S.C. § 641.

### A.  The Object of the Conspiracy

The objective of the conspiracy was to steal money from the SSA, through the submission and approval of fraudulent benefits applications, and then to divert that stolen money to Defendant and other participants in the conspiracy.

### B.  The Manner and Means of the Conspiracy

To achieve their objective, the conspirators, both known and unknown, used the following manner and means:

1. Defendant engaged in a conspiracy with others to defraud the SSA by misusing the identities and PII of recently-deceased men. Defendant did this by enabling his coconspirators—typically women with children—to file fraudulent survivor benefits applications listing the deceased men as their children's fathers or stepfathers. In truth, these women had no connection to the men listed on the applications and their children were not fathered by the deceased men.

2. Defendant provided coconspirators with information such as the deceased men's names, dates of birth, dates of death, and social security numbers. Defendant also instructed the coconspirators how to file the fraudulent applications with the SSA. These applications would state that the children were living with the deceased man at the time of his death. As a result, the

women would receive monthly Child Survivor Benefits payments to which they were not entitled.

3. Defendant would instruct the coconspirators to split the stolen funds with him. Those funds were transferred using apps like Zelle, CashApp, or Chime.

C. **Overt Acts that Furthered the Conspiracy**

To further the conspiracy and accomplish its objectives, the conspirators, working with themselves and others known and unknown, knowingly committed (and/or caused others to commit) the following overt acts, and others, in the Southern District of Texas and elsewhere:

On or about October 19, 2022, Unindicted Coconspirator A sent Lam a $910 payment via Zelle.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. § 1028A(a)(1))

Beginning in or around July 2023, the exact dates being unknown, in the Southern District of Texas and elsewhere, Defendant

**DAVID LAM**

during and in relation to felony violations of Title 18, United States Code, Section 641 (theft of public funds), did knowingly transfer, possess and use, without lawful authority, a means of identification, to wit: the name of a real person, B.H., knowing that said means of identification belonged to B.H., in violation of Title 18, United States Code, Section 1028A(a)(1).

NICHOLAS J. GANJEI
United States Attorney

*/s/ Brad R. Gray*
Brad R. Gray
Assistant United States Attorney

3